PARKER, Judge.
Ronald Lee Morris appeals his judgment and sentences for first-degree murder and burglary with assault or battery. We affirm the judgment entered for both offenses and the sentence for first-degree murder. We reverse the sentence for the burglary offense and remand for resentencing.
Although not raised as an issue in this appeal, our review of the record reveals that in sentencing Morris for the burglary offense, the trial court departed from the guidelines without providing contemporaneous written reasons for the departure. The trial transcript reflects that the trial court sentenced Morris immediately following the jury’s verdict. The trial judge simply orally sentenced Morris to a departure sentence of ninety-nine years in prison for the burglary offense consecutive to the life sentence for the murder conviction. The trial judge did not discuss the guidelines scoresheet and did not provide oral or written reasons for the departure. The record does contain an order of written reasons for departure, but it was not filed until five days after the sentencing. The record also contains a sentencing guidelines scoresheet which reflects a notation indicating a valid ground for departure. However, it appears that the state did not file that scoresheet until the day after sentencing. In any event, the trial judge did not sign the scoresheet.
 A sentence departing upward from the sentencing guidelines requires the trial court to enter a written order of departure at the time of sentencing. Ree v. State, 565 So.2d 1329 (Fla.1990), modified by State v. Lyles, 576 So.2d 706 (Fla.1991). Because the trial court did not meet this requirement, we reverse the sentence on the burglary charge and remand to the trial court for resentenc-ing within the sentencing guidelines.
Affirmed in part, reversed in part, and remanded to the trial court for resentencing.
DANAHY, A.C.J., and ALTENBERND, J., concur.