PER CURIAM.
Elbert Jones appeals six consecutive life sentences imposed following his plea of guilty to charges of burglary with assault, three counts of sexual battery with a deadly weapon, and two counts of robbery with a deadly weapon. The state concedes that the consecutive sentences constitute a departure sentence for which no written departure reasons were entered by the trial court. Accordingly, we reverse and remand for resentencing within the guidelines. Robertson v. State, 611 So.2d 1228, 1284 (Fla.1993); Pope v. State, 561 So.2d 554, 556 (Fla.1990). On remand, Jones must be given notice and an opportunity to be heard on the imposition of the Public Defender’s fee under section 27.56, Florida Statutes.
Our reversal of the consecutive life sentences on the prior ground obviates consideration of Jones’ claim that his guilty plea was not knowingly and intelligently entered because he was never informed that the plea could result in consecutive life sentences.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.