700 So.2d 765 (1997)
Eric HOFFMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2270.
District Court of Appeal of Florida, Third District.
October 15, 1997.
Rehearing Denied November 12, 1997.
Stephen S. Isherwood, Key West, for appellant.
Robert A. Butterworth, Attorney General, and Keith S. Kromash, Assistant Attorney General, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
GODERICH, Judge.
The defendant, Eric M. Hoffman, appeals from his judgment of conviction and sentence and from the denial of his motion to withdraw his guilty plea. We affirm, in part, reverse, in part, and remand for resentencing consistent with this opinion.
In February 1995, the State filed an amended fifty-seven count information against the defendant. Just prior to jury selection, the defendant entered into a written plea agreement with the State. The defendant agreed to plead guilty to Counts XI and XII of the fifty-seven count information and, in exchange, the State agreed to nolle pros the remaining fifty-five counts. In addition, the plea agreement provided that *766 the defendant understood that the trial court could impose a sentence of up to sixty years.
During the plea colloquy, the trial court informed the defendant that he could be sentenced to a maximum of sixty years. Further, the defendant stated on the record that no other assurances or promises had been made to him. After ascertaining that the defendant had entered into the plea voluntarily, the trial court accepted the defendant's plea and set the case for sentencing.
At the sentencing hearing, the trial court departed from the sentencing guidelines imposing a sentence of thirty years in prison as to each count to run consecutively. The trial court orally stated three reasons for imposing the upward departure sentence, but did not provide contemporaneous written reasons. Immediately after the trial court announced its sentence, the defendant moved to withdraw his plea, but the trial court denied the oral motion. Thereafter, the defendant filed a written motion to withdraw his plea which was also denied. This appeal follows.
The defendant has raised numerous points on appeal. Only two merit discussion. First, the defendant contends that the trial court erred by denying his motion to withdraw his plea where he involuntarily entered into the guilty plea. We disagree.
Specifically, the defendant argues that he was induced to enter into the plea based on his trial counsel's assertion that he would probably not be sentenced to more than ten years. In support of this contention, the defendant filed his trial counsel's affidavit which provides that he advised the defendant that the trial court would probably impose a lenient sentence, but that the trial court could impose a sentence of up to sixty years.
Under the circumstances, the assertion made by the defendant's trial counsel was insufficient to render the defendant's plea involuntary. Although the defendant's trial counsel speculated as to the sentence that the trial court would impose, the defendant entered into the plea knowing that he could be sentenced to sixty years. More specifically, the record shows that the defendant's trial counsel told him that he could receive the maximum sentence of sixty years, that the plea agreement provided that the defendant could be sentenced to a maximum of sixty years, and that during the plea colloquy, the trial court informed the defendant that he could be sentenced to sixty years. Therefore, the trial court correctly denied the defendant's motion to withdraw his guilty plea.
Next, the defendant contends that the trial court erred by departing from the sentencing guidelines without providing contemporaneous written reasons. We agree.
In response to the defendant's contention, the State argues that the sentencing guidelines are inapplicable because the defendant entered into a negotiated plea agreement. Contrary to the State's assertion, we find that the sentencing guidelines are applicable in the instant case. Although the defendant entered into a plea agreement, he did not enter into a negotiated sentence. Further, the plea agreement provides that "I [the defendant] understand if the court departs from the sentencing guidelines, by one (1) grid (in either direction) I will have the right to appeal my sentence." The plea agreement that was entered into between the State and defendant clearly indicates that the sentencing guidelines do apply and that if the trial court departs from the sentencing guidelines, the defendant has the right to appeal his sentence. See Jones v. State, 659 So.2d 487 (Fla. 1st DCA 1995)(appeal of departure sentence imposed after entry of guilty plea).
Section 921.001(6), Florida Statutes (1989), provides that "[t]he sentencing guidelines shall provide that any sentences imposed outside the range recommended by the guidelines be explained in writing by the trial court judge." Rule 3.701(d)(11), Florida Rules of Criminal Procedure, which was implemented in accordance with section 921.001(6), Florida Statutes (1989), provides as follows:
Departures from the recommended or permitted guideline sentence should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. Any sentence outside the permitted guideline range *767 must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction or the instant offenses for which convictions have not been obtained.
(emphasis added).[1]
In the instant case, the trial court committed reversible error when it failed to provide contemporaneous written reasons when it imposed the departure sentence. See Fla.R.Crim.P. 3.701; State v. Colbert, 660 So.2d 701 (Fla.1995); Jones; Robertson v. State, 611 So.2d 1228, 1234 (Fla.1993)("This Court has held that it is reversible error for a court to give a departure sentence without providing written reasons for the departure."); Pope v. State, 561 So.2d 554 (Fla. 1990). Accordingly, we reverse and remand for resentencing within the guidelines. Jones; Morris v. State, 640 So.2d 213 (Fla. 2d DCA 1994); Robertson, 611 So.2d at 1234.
Affirmed, in part, reversed, in part, and remanded for resentencing within the guidelines.
NOTES
[1] Since the crimes alleged in Counts XI and XII were committed in January 1991, Rule 3.701, Florida Rules of Criminal Procedure, is applicable.

However, Rule 3.702(d)(18)(A), Florida Rules of Criminal Procedure, which implements the 1994 revision of the sentencing guidelines, no longer requires that contemporaneous written reasons be provided when imposing a departure sentence. Specifically, Rule 3.702(d)(18)(A), provides as follows:
If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 15 days of the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 15 days of the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.
(emphasis added).
Further, Rule 3.703(d)(29)(A), Florida Rules of Criminal Procedure, which applies to offenses committed on or after October 1, 1995, is essentially identical to Rule 3.702(d)(18)(A), but shortens the period in which the written statement or transcript must be filed from 15 days to 7 days.