BLUE, Acting Chief Judge.
Floyd LaFountam appeals his convictions and sentences for first-degree murder (count one), burglary of a dwelling with a battery committed therein while armed with a weapon (count two), and attempted robbery with a firearm (count three). We find merit only in LaFountam s issue concerning his sentences on counts two and three. Therefore, we affirm his convictions and the sentence for the first-degree murder. We reverse the guidelines departure sentences imposed on counts two and three and remand for resen-tencing within the guidelines.
LaFountam correctly argues that the trial judge improperly imposed departure sentences on counts two and three. The sentencing guidelines seoresheet indicated sentences of no more than 201.2 months in prison. The seoresheet was before the trial judge and discussed at the sentencing hearing. The trial judge imposed the following departure sentences: A life sentence on count two and a thirty-year sentence on count three — the maximum sentence allowed by law on each offense. Although the trial judge was aware that the sentences departed from the guidelines, she failed to enter a written order of departure. A trial judge is required to enter a written order of departure when deviating from the sentencing guidelines. See Fla. R.Crim. P. 3.701(d)(ll). Because the trial judge failed to do so, we reverse the sentences on counts two and three and remand to the trial court for re-sentencing within the guidelines. See Morris v. State, 640 So.2d 213, 214 (Fla. 2d DCA 1994).
Convictions affirmed; sentence on count one affirmed; sentences on counts two and three reversed and remanded for resentenc-ing within the guidelines.
FULMER and WHATLEY, JJ., concur.