NIMMONS, Judge.
Appellant was found guilty of committing a lewd and lascivious assault upon a twelve year old girl in violation of Section 800.04, Florida Statutes (1981), and sentenced to fifteen years incarceration. We find no merit in the appellant’s assertion that the trial court reversibly erred in excluding the testimony of a psychiatrist and therefore affirm the conviction. However, we find that the court erred in imposing sentence and remand for resentencing.
The trial judge apparently did not have a proper guidelines scoresheet before him when he imposed the appellant’s sentence. The record indicates that two score-sheets had been prepared for the sentencing hearing. The original scoresheet indicated a recommended sentence of seven to nine years. Appellant’s counsel objected to the calculations made in this scoresheet. This scoresheet is contained in the record and has the word “void” written on its face. Counsel for appellant then informed *419 the trial court that a revised scoresheet had been prepared. However, the record does not contain this second scoresheet.
There is no evidence that the trial judge relied upon any scoresheet before imposing the appellant’s sentence. In fact, the judge stated that he was departing from the guidelines regardless of which scoresheet would be accepted.
It is now well-established that the trial court must make an initial determination of the sentencing guidelines range before the court can properly impose sentence outside such range. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984), modified, 478 So.2d 1054 (Fla.1985). A trial judge who does not have a scoresheet before him when he imposes sentence cannot make an initial determination of the recommended sentence range. Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984).
We have considered and reject the appellant’s additional argument that he never made a valid election to be sentenced under the guidelines.
Finally, the appellant asserts that the reasons given for guidelines departure were not valid. We will not presume that, upon resentencing, the trial court, with the benefit of a valid guidelines scoresheet, will see fit to impose sentence outside the guidelines range or that, if a departure sentence is imposed, the court will rely upon the same reasons for departure. Accordingly, we decline to address the reasons for departure.
Judgment AFFIRMED, sentence REVERSED and cause REMANDED for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.