SCHWARTZ, Chief Judge.
Moore was convicted of robbery, burglary and battery and given an upward departure sentence of ten years. The judgment and sentence were affirmed in Moore v. State, 468 So.2d 1081 (Fla. 3d DCA 1985), but on habeas corpus we vacated the robbery conviction and sentence. Moore v. Dugger, 504 So.2d 493 (Fla. 3d DCA 1987). After remand, the trial court merely set aside the robbery adjudication and sentence and noted, without benefit of a new guidelines scoresheet, that the ten-year sentence, now imposed only for burglary (with a concurrent one-year sentence for battery), remained unchanged. This was error. It is well-settled that a trial court may not devi *23 ate from the guidelines sentence unless a scoresheet which contains the appropriate recommendations is available for its consideration. Tucker v. State, 464 So.2d 211 (Fla. 3d DCA 1986), overruled on other grounds, State v. Whitfield, 487 So.2d 1045 (Fla.1986); Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986); Jaggers v. State, 492 So.2d 418 (Fla. 1st DCA 1986). In this case, the fact that no scoresheet was prepared without removing points for the inapplicable robbery conviction requires that Moore again be sentenced after the defect has been cured. This is because the trial court may well not wish to depart, or to depart so extensively, from a guidelines sentence which is presumably substantially lower than the one which it previously considered when it imposed the original ten-year term. See Davis, 493 So.2d at 83 (“A trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended sentence.”).
Because it has been indicated that Moore has already been in prison longer than the recommended guidelines sentence, we dispense with rehearing, direct the immediate issuance of our mandate, and order that the resentencing hearing required by this opinion be conducted forthwith upon remand.
Reversed and remanded with directions.