704 So.2d 217 (1998)
Charles PRYOR, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 97-1726, 97-1139.
District Court of Appeal of Florida, Third District.
January 21, 1998.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, and Douglas Melamed, Certified Legal Intern, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.

Corrected Opinion
PER CURIAM.
We affirm.
Charles Pryor appeals the sentence imposed, in 1997, following Pryor's violation of probation in case 89-8866. He claims that the sentence imposed in 1992 for violating community control on case 89-8866 of six years followed by ten years probation was illegal, as the sentence exceeded the statutory maximum for a youthful offender. Basically, Pryor alleges that because the ten-year probation period was improperly imposed in 1992, violation of that probation in 1997 was impossible, making the 1997 sentence illegal.
In 1989, Pryor was sentenced as a youthful offender in case 89-8866 to four years in prison followed by one year community control. He violated his community control and, at revocation proceedings in 1992, was sentenced to six years in prison followed by ten years probation. He was credited with time already served while incarcerated, 671 days. This sentence was to run concurrent with the sentence in case 91-12743, a substantive violation of probation/community control, in which Pryor was ordered to serve ten years in prison followed by ten years probation. In 1997, Pryor was found to have violated probation; at revocation proceedings, he was sentenced to prison for six years on case 89-8866 and, on case 91-12743, to 15 years on count one, 15 years (consecutive) on count two and 15 years (concurrent) on the remaining counts.
Pryor's appeal is barred, as it was not properly preserved for review and does not show fundamental error on the part of the sentencing court. See § 924.051(3), Fla. *218 Stat. (Supp.1996); Callins v. State, 698 So.2d 883 (Fla. 4th DCA 1997), citing Tillman v. State, 471 So.2d 32, 35 (Fla.1985). Pryor did not object to the allegedly improper sentence below nor did he timely raise his objection on appeal. See § 924.051(3), Fla. Stat. (Supp. 1996); Fla. R.Crim. P. 3.800(b).
Even if it had been properly preserved for review, Pryor's position is without merit. Regarding his 1992 sentencing, Pryor is implicitly claiming that his time previously served on probation should have been credited towards the six-year sentence imposed. It is well established, however, that credit for time served on probation or community control is awarded only towards a new sentence of either probation or community control, or towards the probation/community control portion of a split sentence, not toward the prison term portion of a split sentence. See Young v. State, 697 So.2d 75 (Fla.1997); State v. Holmes, 360 So.2d 380, 383 (Fla. 1978). This is true even where the prior time on probation or community control, when added to the incarcerative period, would cause the sentence to exceed the statutory maximum for the offense. Young, 697 So.2d at 75, 77.
Accordingly, the sentences imposed at the 1992 and 1997 revocation proceedings were proper and we hereby affirm.