710 So.2d 82 (1998)
Martha Ann MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4533.
District Court of Appeal of Florida, First District.
April 9, 1998.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, the public defender has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and appellant has filed a brief on her own behalf. Appellant entered a plea of nolo contendere to four counts, the first three involving third degree felonies and the fourth involving a second degree misdemeanor. We have reviewed the record and affirm the judgment as well as the departure sentence imposed by the circuit court.
Nevertheless, as the public defender asserts, the circuit court orally sentenced appellant to a term of five years' imprisonment on Count I, a consecutive term of five years' probation on Count II, and a consecutive term of five years' probation on Count III. Thus, the court intended to sentence appellant to five years in prison, followed by ten years of probation. The record reveals, however, that the circuit court's written order imposes five years' imprisonment for Count I as well as five years' probation for Count I, five years' probation for Count II, and nothing for Count III. The sentence on Count I exceeds the five-year term of imprisonment authorized by law, section 775.082(3)(d), Florida Statutes (1995), and therefore constitutes fundamental error. See Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) ("[A]n illegal sentence is one that can be addressed at any time .... [and] is one that exceeds the maximum period set forth by law for a particular offense...."); State v. Hewitt, 702 So.2d 633, 635 (Fla. 1st DCA 1997) (An illegal *83 sentence "constitutes error as a matter of law which is fundamental error that can be corrected at any time without an objection."); Sanders v. State, 698 So.2d 377, 378 (Fla. 1st DCA 1997) ("[I]llegal sentences necessarily constitute fundamental error, and may therefore be challenged for the first time on direct appeal."); Moore v. State, 623 So.2d 795, 797 (Fla. 1st DCA 1993) ("A trial court is without authority to extend a period of probation beyond the maximum permissible sentence for the underlying offense.").
We are aware of the Fifth District Court of Appeal's recent en banc decision stating that it "will no longer recognize fundamental error in the sentencing context" and will not "address illegal sentences on direct appeal, unless the issue has been preserved for review either by objection in the trial court or by means of a 3.800(b) motion for post-conviction relief." Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). We are constrained, however, to follow the precedent cited above indicating that sentencing errors resulting in illegal sentences may be raised at any time without preservation in the trial court because such errors amount to fundamental errors. Accordingly, we remand this case to the circuit court with directions to conform the written probationary order to the court's oral pronouncements. See Johnson v. State, 701 So.2d 382, 382-83 (Fla. 1st DCA 1997) (affirming and remanding with directions that trial court correct written judgment and sentence to reflect oral pronouncement because inconsistencies between oral pronouncement and written judgment and sentence, which reflected conviction on more counts and different sentence, constituted fundamental errors).
MINER, KAHN and WEBSTER, JJ., concur.