708 So.2d 1037 (1998)
Jimmy PIERRE, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2456.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Bennett H. Brummer, Public Defender and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Dominique T. Suite-Brown, Fort Lauderdale, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
Although the trial judge announced at sentencing that she was imposing an upward departure sentence because of subsequent crimes, see Harris v. State, 685 So.2d 1282 (Fla.1996), she did not file written reasons in *1038 support of the departure within seven days thereafter as required by section 921.0016(1)(c), Florida Statutes (1997) and Florida Rule of Criminal Procedure 3.703(d)(29)(A). The sentence is therefore vacated for imposition of a guidelines sentence. See State v. Colbert, 660 So.2d 701 (Fla.1995); Owens v. State, 598 So.2d 64 (Fla.1992); Hoffman v. State, 700 So.2d 765 (Fla. 3d DCA 1997). Compare Pease v. State, ___ So.2d ___ (Fla. Case no. 87,571, opinion filed, October 9, 1997)[22 FLW S624] (downward departure); State v. Cruz, 710 So.2d 123 (Fla. 4th DCA 1998)(same); State v. Stallman, 707 So.2d 353 (Fla. 2d DCA 1998)(same).
In addition, the sentence for the multiple offenses of which the defendant was convicted included one for grand theft which exceeded the statutory maximum of five years. Upon remand the sentence for this offense (Count V) should be corrected accordingly.
There is no claim of error in the convictions and they are therefore affirmed.
Affirmed in part, vacated in part and remanded.