PER CURIAM.
Appellant pled no contest to five counts of sexual battery on a child while he was in a position of familial or custodial authority (Counts IV — VIII). In exchange for the plea, the state agreed not to prosecute him on three counts of sexual battery on a child under 12 by a perpetrator 18 or older (Counts I-III).
The trial court adjudicated appellant guilty and sentenced him as follows: Count IV, 17 years in the Department of Corrections; Count V, 17 years in the Department of Corrections to run concurrent with Count IV; Count VI, 10 years in the Department of Corrections followed by 20 years of probation to run consecutive to Count IV; Count VII, 28 years in the Department of Corrections to run concurrent with Count IV; Count VIII, 28 years in the Department of Corrections to run concurrent with Count IV. The trial court ordered appellant to participate in a sex offender treatment program during his incarceration and classified him as a sexual predator based on Counts VII and VIII. At the sentencing hearing, the trial court prohibited appellant from having any contact with the victim, directly or indirectly. In the probation order, the trial court modified the “no-contact” condition by additionally prohibiting appellant from having any contact with the child born as a result of the union between appellant and the victim. The probation order also required appellant to participate in a sex offender treatment program while on probation, which is a statutory condition that is not required to be orally pronounced at sentencing.
None of the issues raised on appeal were properly preserved, but one error results in an illegal sentence requiring remand for correction. See Fla. R.App. P. 9.140(d); Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998).
The trial court orally sentenced appellant to a probationary split sentence on Count VI. He was sentenced to serve 10 years in the Department of Corrections followed by 20 years probation, which constitutes a legal sentence. However, appellant correctly points out that the probation order suggests appellant was sentenced to 20 years probation on all counts, which would result in sentences in excess of the statutory maximum on the other counts. See Soria v. State, 584 So.2d 1130, 1131 (Fla. 5th DCA 1991).
In all other respects, we affirm.
GLICKSTEIN and GROSS, JJ., and GOLDENBERG, RENEE, Associate Judge, concur.