716 So.2d 829 (1998)
Ricky MIZELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3638.
District Court of Appeal of Florida, Third District.
August 26, 1998.
Bennett H. Brummer, Public Defender, and Kenneth P. Speiller, Special Assistant Public Defender, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, Ft. Lauderdale, for appellee.
Before SCHWARTZ, C.J., FLETCHER, J., and ORFINGER, MELVIN, Senior Judge.
SCHWARTZ, Chief Judge.
Mizell appeals from his convictions and fourteen year concurrent sentences on seven counts of offenses arising from a fatal accident caused by his driving under the influence. While the single claim of trial error has no merit, so that the convictions are affirmed, and the other concurrent sentences are correct, an obvious mistake was made as to count IV, in which the jury found Mizell *830 guilty only of the lesser included offense of DUI causing non-serious injury, which is a misdemeanor punishable by no more than one year. §§ 316.193(3)(c)(1), 775.082(4)(a), Fla. Stat. (1997).
The state concedes the error but claims that Florida Rule of Appellate Procedure 9.140(d)[1] precludes our consideration of the point because it was not raised below. On rebuttal, the defendant cites Orosco v. State, 710 So.2d 1386 (Fla. 4th DCA 1998) for the proposition that an error of this kind is a fundamental one to which, by the terms of the underlying statute, § 924.051, Fla. Stat. (Supp.1996), the rule does not apply. Accord Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998)(en banc); Mason v. State, 710 So.2d 82 (Fla. 1st DCA 1998). The state ripostes with Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998)(en banc), review granted, 718 So.2d 169 (Fla.1998)(table), which says that it does. See also Denson v. State, 711 So.2d 1225 (Fla. 2d DCA 1998); Perry v. State, 714 So.2d 563 (Fla. 1st DCA 1998). Because we are able to reach what we think is the correct result without doing so, we respectfully decline, at least in this case, to involve ourselves in this fratricidal warfare. But see, Pryor v. State, 704 So.2d 217, 217 (Fla. 3d DCA 1998)("appeal ... barred, as it was not properly preserved for review and does not show fundamental error").
It is apparent that, even if arguendo Maddox is correct that defense counsel's failure to present the point precludes reversal, that very holding requires the concomitant conclusion that Mizell received ineffective assistance of his counsel in failing to preserve a right which would have otherwise inevitably resulted in a correction of his sentence. Applying the limited, but controlling, exception to the rule that ineffectiveness claims may not be reached on direct appeal which applies when, as here, "the facts giving rise to such a claim are apparent on the face of the record," Gordon v. State, 469 So.2d 795, 797 (Fla. 4th DCA 1985), review denied, 480 So.2d 1296 (Fla.1985); Stewart v. State, 420 So.2d 862 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983); Whitaker v. State, 433 So.2d 1352 (Fla. 3d DCA 1983), we simply order the amendment of the sentence after remand.[2]
While this resolution of the case may not satisfy some of the more rabid of the judicial Thomists among us, we think it is easily more consistent with our duty to avoid the legal churning, see State v. Rucker, 613 So.2d 460 (Fla.1993), which would be required if we made the parties and the lower court do the long way what we ourselves should do the short. Thus, we agree with Maddox, 708 So.2d at 621, that the lack of preservation in the sentencing area necessarily involves ineffective assistance of counsel, but strongly disagree that anything is accomplished by not dealing with the matter at once.
Affirmed in part, remanded in part with directions.
NOTES
[1] It is ironic that, although this amendment to the Florida Appellate Rules, and, more to the point, the Criminal Appeal Reform Act of 1996, ch. 96-248, Laws of Fla.; § 924.051, Fla. Stat. (Supp.1996), which engendered it, were largely meant to reduce a supposedly oppressive appellate caseload, they have had quite the opposite effect. In addition to creating an entirely new and difficult body of law of its ownincluding en banc consideration and certified questions of such arcane matters as whether an unpreserved error should result in affirmance or dismissal, Thompson v. State, 708 So.2d 289 (Fla. 4th DCA 1998)the Act has, as in this very case, required a resort to creative judging to achieve results which had been routinely and straightforwardly arrived at before. We will not resist the urge to refer to the relative merits of the cure and the disease or to observe that one should not repair something that is in no need thereof.
[2] Mizell need not be present.