720 So.2d 1113 (1998)
Eric WEISS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2805.
District Court of Appeal of Florida, Third District.
October 21, 1998.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
The defendant appeals from criminal convictions and a ten-year upward departure sentence based on adverse jury verdicts for his involvement in a particularly brutal home invasion robbery in which, among other things, he terrorized a crippled man and a three-year-old child.

I.
As the State concedes, the conviction for home invasion robbery must be vacated on double jeopardy grounds as subsumed by the "greater" conviction for burglary with an assault. See Elmy v. State, 667 So.2d 392 (Fla. 1st DCA 1995). We find no merit in the sole claim of trial error, see State v. DiGuilio, 491 So.2d 1129 (Fla.1986), however, and therefore affirm the remaining conviction.

II.
In considering the defendant's two challenges to the sentenceneither of which was presented to the trial courtwe first summarily reject his claim that the grounds assigned *1114 by the trial court[1] are legally insufficient for departure. See § 921.001(7), Fla. Stat. (1995); § 921.0016(3), Fla. Stat. (1995); Capers v. State, 678 So.2d 330 (Fla.1996); State v. Rousseau, 509 So.2d 281 (Fla.1987); Perez v. State, 604 So.2d 916 (Fla. 3d DCA 1992), review dismissed, 613 So.2d 9 (Fla.1992).
The separate, procedural, claim of sentencing error is also without merit. The trial judge announced the reasons for departure when the sentence was orally pronounced on August 19, 1997. The adjudication and sentence were filed with the clerk on August 26, 1997. For unknown reasons, however, the written bases for departure, which closely tracked those stated at the hearing, were not filed until August 29, 1997. Weiss argues that because this date was ten, rather than seven, days after the oral pronouncement of sentence, the departure was wholly invalid and must be set aside under section 921.0016(1)(c), Florida Statutes (1995), which provides that:
(c) A state prison sentence which varies upward or downward from the recommended guidelines prison sentence by more than 25 percent is a departure sentence and must be accompanied by a written statement delineating the reasons for the departure, filed within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure from the guidelines at sentencing is permissible if it is filed by the court within 7 days after the date of sentencing.
§ 921.0016(1)(c), Fla.Stat. (1995). For two reasons, we disagree.
Initially, we conclude that "the date of sentencing" under section 921.0016 must, in context, be read to mean, not the oral pronouncement of sentence, but rather the filing of the written sentencing order. This conclusion is dictated by State v. Lyles, 576 So.2d 706 (Fla.1991), which holds that written reasons filed the day after an oral pronouncement complied with the then-existing requirement that the reasons be filed contemporaneously with the sentence. This was in part so because the very reason for the rule, as stated in Ree v. State, 565 So.2d 1329 (Fla.1990), was that:
If a sentence is entered and filed with the clerk on the day of sentencing, but the written reasons are delayed in being prepared and consequently are not filed on the same date, the decision to appeal may have to be made without the benefit of those written reasons because the time for appeal begins to run from the date the sentencing judgment is filed, not the written reasons.

Lyles, 576 So.2d at 708 (emphasis supplied). See generally Jordan v. State, ___ So.2d ___, 1998 WL 621355 (Fla. 3d DCA Case no. 97-2002, opinion filed, September 16, 1998) [23 FLW D2130, D2132-33]. In this case, no *1115 appeal from the sentence could be taken until the written order was filed with the clerk on August 26, 1997, see Owens v. State, 579 So.2d 311 (Fla. 1st DCA 1991), which we therefore conclude is the decisive date under the statute.[2] Because the written reasons for departure were filed only three days after that, there was no violation of section 921.0016(1)(c) at all.
Second, even if, arguendo, a technical error did occur, it may not be made the basis of reversal under the operative provisions of the Criminal Appeal Reform Act of 1996, section 924.051, Florida Statutes (Supp.1996), which requires both preservation and harm, which preceded the events in this case, and which therefore entirely controls. As this court specifically held in dealing with a similar claim of error in Jordan v. State, ___ So.2d at ___, 23 FLW at D2130, the arguably late filing of departure reasons is not cognizable here both because it was not raised below, see Jordan, ___ So.2d at ___, 23 FLW at D2131-33, and because, even if it had been, the meaningless procedural hiccup involved could constitute no more than non-prejudicial, harmless error. Jordan, ___ So.2d at ___, 23 FLW at D2132-33. As to the latter ground, which we find particularly persuasive, we emphasize that the Reform Act haswe think, quite salutarily[3]rendered the general harmless error statute, section 924.33, Florida Statutes (1997); see § 59.041, Fla.Stat. (1997), unequivocally applicable to alleged sentencing miscues such as the one now urged upon us.[4] It was always difficult, at best, to discern a rational justification for setting aside an otherwise appropriate sentence just because a piece of paper was filed immaterially late. See Jordan, ___ So.2d at ___, 23 FLW at D2132-33. The legislature has now expressly precluded such a result.
Affirmed as modified.
NOTES
[1] ORDER

THIS CAUSE was heard before this Court on August 19, 1997, on the State's motion to depart from sentencing guidelines. The Court makes the following findings:
1. This was a home-invasion robbery, in which the intruders threatened the victims none of whom offered resistancewith death.
2. The degree of force used against victim Warren Hart was excessive and the victim was especially vulnerable due to both age and physical disability. Mr. Hart is a crippled older man who offered no resistance and was dragged with crutches through the house.
3. The crime was committed in the presence of a three year old and created a substantial risk of harm to the child.
4. Victim Freda Jaglal suffered extraordinary emotional trauma when she and the three year old child she was holding in her arms were threatened with death. The Defendant placed a pillow over Ms. Jaglal's head, suffocating her, and held an object to her head which the victim believed to be a gun. The Defendant threatened to kill the child and Ms. Jaglal placed herself in a position in order to protect the child which jeopardized her own life.
The Court considered the mitigating factors presented by the Defendant. However, the Court finds that the emotional trauma and excessive force used during the home invasion serve as clear and convincing reasons for departure. Therefore, it is hereby
ORDERED AND ADJUDGED that the Defendant shall be sentenced to ten (10) years in State prison followed by two (2) years of Community Control followed by five (5) years of probation.
DONE AND ORDERED at Miami, Dade County, Florida, this 28th day of August, 1997.
VICTORIA PLATZER
Circuit Court Judge
[2] It is true that Pierre v. State, 708 So.2d 1037 (Fla. 3d DCA 1998) (which was not governed by the Reform Act), indicates that the seven day period runs from the announcement of an upward departure at sentencing. That statement was unnecessary to the result, however, because the date of the written sentencing order was not at all in question. See also Jordan v. State, ___ So.2d at ___, 23 FLW at D2130 (written departure reasons filed more than seven days after sentencing order). In light of our direct and specific consideration of the issue in this case, we recede, to this extent, from Pierre.
[3] Contrast the critical reference to the preservation aspect of the Act in Mizell v. State, 716 So.2d 829, 830 n.1 (Fla. 3d DCA 1998) [23 FLW D1978, D1979 n.1].
[4] It seems clear that in this respect the Act was meant to and did overrule such cases as Ree v. State, 565 So.2d 1329 (Fla.1990) and Pierre v. State, 708 So.2d at 1037.