728 So.2d 748 (1999)
William Shaun JORDAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2002
District Court of Appeal of Florida, Third District.
September 16, 1998.
Opinion Denying Rehearing and Certification March 10, 1999.
*749 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Wendy Benner-Leon, Assistant Attorney General, Tallahassee, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
COPE, Judge.
William Shaun Jordan appeals the sentences imposed after his conviction of attempted second-degree murder of Police Officer Macken, and aggravated assault on Officers Gallagher and Guerrier. Of the four claimed sentencing errors, we reject two for lack of preservation, and the other two on the merits.

I.
At approximately 8:00 a.m. on January 26, 1996, defendant was standing with three other men in a residential area in the southern part of Dade County. Several plainclothes police officers were patrolling the area for drug transactions. The officers approached the defendant's group because they noticed that one of the men was holding a marijuana cigarette. Defendant ran away and Officer Macken chased him on foot. A running gun battle ensued, in which Officer Macken was wounded. Defendant also pointed the firearm at officers Gallagher and Guerrier, but did not fire at them.
The jury convicted the defendant of attempted second-degree murder of a law enforcement officer with a firearm as to Officer Macken, and aggravated assault with a firearm as to Officers Gallagher and Guerrier. Insofar as pertinent here, the court through consecutive sentencing imposed a departure sentence of forty years. Defendant has appealed, claiming multiple sentencing errors.

II.
At sentencing, defendant objected to the use of the 2.0 law enforcement multiplier in calculating his guidelines score. The statute creating the law enforcement multiplier provides, in part, "If the primary offense is a violation of § 775.0823(3), (4), (5), (6), (7), or (8), the subtotal sentence points are multiplied by 2.0." § 921.0014, Fla. Stat. (1995). The defendant correctly points out that the information did not charge him with a violation of section 775.0823, Florida Statutes. Defendant argues that since section 775.0823 was not cited in the information, it follows that the law enforcement multiplier must be stricken. See Thornton v. State, 679 So.2d 871, 871 (Fla. 4th DCA 1996).[1]
The charging document alleged that defendant committed attempted first-degree murder of a law enforcement officer, with a firearm, "in violation of § 782.04(1) and § 784.07 and § 775.0825 and § 777.04, [Florida Statutes]." Of interest here is the citation to section 775.0825, Florida Statutes, which formerly provided a twenty-five-year mandatory minimum penalty for attempted murder of a law enforcement officer.
When the State filed the information in early 1996, section 775.0825 had recently been repealed. See ch. 95-184, § 18, at 1708, Laws of Fla.[2] The mandatory minimum sentence was eliminated, and a successor provision governing attempted murder of a law enforcement officer was amended into already-existing section 775.0823, Florida Statutes. *750 See ch. 95-184, § 17, at 1707-08, Laws of Fla.
Florida Rule of Criminal Procedure 3.140(d)(1) states, "Error in or omission of the citation [to the statute that the defendant is alleged to have violated] shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice." See also id. R. 3.140(o). Here, the text of the information clearly advised the defendant that he was charged with attempted murder of a law enforcement officer. The statutory citation was in error, but section 775.0823 is the correct statutory successor provision. The incorrect citation was never challenged by motion by the defendant, and there is no showing that the incorrect citation prejudiced the defendant in the defense of the case. The case proceeded to the jury on proper instructions, and the jury returned an interrogatory verdict finding the defendant guilty of the lesser included offense of attempted second-degree murder of a law enforcement officer, with a firearm.[3] The violation of section 775.0823 was sufficiently shown. See B.H. v. State, 645 So.2d 987, 996 (Fla.1994); Mosely v. State, 688 So.2d 999, 999-1000 (Fla. 2d DCA 1997); Sanders v. State, 386 So.2d 256, 257 (Fla. 5th DCA 1980); Wood v. State, 354 So.2d 134, 135 (Fla. 1st DCA 1978); Tukes v. State, 346 So.2d 1056, 1056 (Fla. 1st DCA 1977); King v. State, 336 So.2d 1200, 1202 (Fla. 2d DCA 1976).[4] The fact that there was a nonprejudicial error in the statutory citation, rather than an entire absence of an appropriate charge, distinguishes the present case from Thornton v. State, 679 So.2d 871 (Fla. 4th DCA 1996).

III.
Defendant argues alternatively that under section 775.0823, Florida Statutes, he is required to be sentenced within the guidelines. This argument must be rejected on the merits.
For attempted second-degree murder of a law enforcement officer, the penalty is "a sentence pursuant to sentencing guidelines." § 775.0823(4), Fla. Stat. (1995). Defendant reads "pursuant to the sentencing guidelines" as requiring that he be sentenced within the sentencing guidelines. He argues, in other words, that under this statute, the guidelines maximum is the statutory maximum. Since the guidelines range was nineteen to thirty-two years, he is arguing that his statutory maximum for this offense is thirty-two years.
Defendant's argument was never made in the trial court. However, this court may entertain an unpreserved sentencing error which would constitute fundamental error. See § 924.051, Fla. Stat. (Supp.1996); Pryor v. State, 704 So.2d 217, 217 (Fla. 3d DCA 1998); Thompson v. State, 708 So.2d 289, 289-90 (Fla. 4th DCA 1998); Stone v. State, 688 So.2d 1006, 1007 (Fla. 1st DCA), review denied, 697 So.2d 512 (Fla.1997). A sentence in excess of the statutory maximum is fundamental error. See Hyden v. State, 715 So.2d 960, 963 n.1, 23 Fla. L. Weekly D1342, D1343 n. 1 (Fla. 4th DCA 1998) (en banc); Harriel v. State, 710 So.2d 102, 104 (Fla. 4th DCA 1998) (en banc). Since defendant's argument amounts to a claim of fundamental error, we may entertain it.
On the merits, however, defendant is not entitled to relief. Section 775.0823 mandates a sentence "pursuant to the sentencing guidelines," § 775.0823(4), Fla. Stat., not a sentence within the guidelines. The phrase "pursuant to the sentencing guidelines" is a generic reference to all of the provisions of the guidelineswhich allow upward departures where statutory or case law criteria are *751 met. See id. § 921.0016. Section 775.0823 does not preclude a departure sentence.

IV.
Defendant argues that the departure sentence must be reversed, and the cause remanded for sentencing within the guidelines, because the trial court failed to timely file its written departure reasons. This point must be rejected because it is not preserved for appellate review.
The trial court orally announced its sentencing reasons on June 4, 1997, and said that a written order would be typed by the judicial assistant "this evening and tomorrow it will become part of the court file." The applicable statute requires a departure order to be "filed within 7 days after the date of sentencing." Id. § 921.0016(1)(c).
Although dated the same dayJune 4 the departure order was not filed in the clerk's office, according to the clerk's stamp, until June 26, 1997twenty-two days later. Since that was beyond seven days, defendant argues that the departure order is invalid and must be reversed. See State v. Colbert, 660 So.2d 701 (Fla.1995). However, the defendant never presented this claim to the trial court, and seeks to raise it for the first time on appeal.
As part of the Criminal Appeal Reform Act of 1996 (the "Reform Act"),[5] the Legislature enacted section 924.051, Florida Statutes, which provides, "A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error." § 924.051(3), Fla. Stat. (Supp.1996). A "prejudicial error" is "an error in the trial court that harmfully affected the judgment or sentence." Id. § 924.051(1)(a). An error is "preserved" if "an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and ... the issue, legal argument, or objection to the evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." Id. § 924.051(1)(b).
Even before the Legislature passed the Reform Act, the Florida Supreme Court had "issued an opinion suggesting that scarce resources were being unnecessarily expended in ... appeals relating to sentencing errors." Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 773 (Fla.1996) (citation omitted). The court proposed rule amendments "designed ... to require that sentencing issues first be raised in the trial court." Id.
After the Reform Act was enacted, the Florida Supreme Court amended Florida Rule of Appellate Procedure 9.140 to provide:
(d) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Id. R. 9.140(d) (effective Jan. 1, 1997). The purpose was to harmonize the rule with the Reform Act. See id. 1996 court commentary.
In order to assure that each defendant would have adequate time to call sentencing errors to the attention of the trial court, the Florida Supreme Court amended Rule 3.800(b) to provide that "[a] defendant may file a motion to correct the sentence or order of probation within thirty days after the rendition of the sentence." Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254, 1271 (Fla.1996) (effective Jan. 1, 1997); Amendments to the Florida Rules of Appellate Procedure, 685 So.2d at 775. So long as the Rule 3.800(b) motion is filed within thirty days, this tolls the time for taking an appeal until the motion is disposed of. See Fla. R.App. P. 9.020(h).
Thus, the Florida Supreme Court and the Legislature have both concluded that sentencing errors should be treated the same as other trial errors. As this court squarely held in Pryor, a claimed sentencing error cannot be raised on appeal where "it was not properly preserved for review and does not *752 show fundamental error on the part of the sentencing court." 704 So.2d at 217; see also Perry v. State, 714 So.2d 563, (Fla. 1st DCA 1998) (same); Hyden v. State, 715 So.2d 960 (same).[6]
In this case, the defendant had a total of thirty days in which to file a Rule 3.800(b) motion to correct the sentencing error. This means that, beginning on the eighth day after sentencing, the defendant could have filed a Rule 3.800(b) motion raising the claim that the order had not been filed within seven days. He did not do so. Under this court's Pryor decision, the appeal is barred because the point was not preserved, nor is it a matter of fundamental error. See 704 So.2d at 217; § 924.051(1)(b), Fla. Stat. (Supp.1996). "The statute on its face does not make exception for sentencing errors apparent on the face of the record." Middleton v. State, 689 So.2d 304, 305 (Fla. 1st DCA 1997).
As the en banc Fifth District has said:
At the intermediate appellate level, we are accustomed to simply correcting errors when we see them in criminal cases, especially in sentencing, because it seems both right and efficient to do so. The legislature and the supreme court have concluded, however, that the place for such errors to be corrected is at the trial level and that any defendant who does not bring a sentencing error to the attention of the sentencing judge within a reasonable time cannot expect relief on appeal. This is a policy decision that will relieve the workload of the appellate courts and will place correction of alleged errors in the hands of the judicial officer best able to investigate and to correct any error. Eventually, trial counsel may even recognize the labor-saving and reputation-enhancing benefits of being adequately prepared for the sentencing hearing.
Maddox v. State, 708 So.2d 617, 621 (Fla. 5th DCA) (en banc),[7]review granted, No. 92,805 (Fla. July 7, 1998). The entire point of the statutory and rule changes was to require this type of claim to be presented in the first instance in the trial court.
If defendant had filed a Rule 3.800(b) motion, then a proper record would have been developed, disclosing the reason for the delay in the filing of the written departure order. Depending on the circumstances, prior case law has sometimes excused a late filing. In State v. Lyles, 576 So.2d 706 (Fla.1991), the then-existing law required the oral statement of departure reasons to be reduced to writing, and filed with the clerk, the same day. In Lyles, the judge's written order was dated the same day, but was not filed until the next business day. The Florida Supreme Court ruled that the then-existing requirement of law had been satisfied "when express oral findings of fact and articulated reasons for the departure are made from the bench and then reduced to writing without substantive change on the same date.... The ministerial act of filing the written reasons with the clerk on the next business day does not, in our view, prejudice the defendant in any respect." Id. at 708-09.[8]
Here, the record is silent on the reason for the delay, as well as whether there was any prejudice to the defendant in the prosecution *753 of the appeal.[9] The record is silent on when the parties received the service copies of the departure order. Lyles holds that a nonprejudicial clerical snafu should not be the basis for reversal of a departure order. More important, the Legislature has now said in the Reform Act that a judgment or sentence cannot be reversed on appeal unless there has been a prejudicial error, that is, "an error in the trial court that harmfully affected the judgment or sentence." § 924.051(1)(a), (3), Fla. Stat. (Supp.1996).
The proper procedure to follow in this case was to file a motion to correct sentence under Rule 3.800(b), and make the argument to the trial court that defendant was entitled to be resentenced by reason of the late filing of departure reasons. At that point, a record could have been developed regarding the circumstances of the late filing, and the prejudice to defendant, if any. The trial court could then make an informed ruling on the matter, subject to review in this court. Since the filing of the Rule 3.800(b) motion would toll the time for appeal, there would be ample time to schedule a hearing and resolve the matter in an orderly way.

V.
Assuming arguendo that this court may entertain defendant's unpreserved claim of error, we would nonetheless be obliged to affirm because there is no showing in this record that the errorthe late filing of the departure orderwas prejudicial. As already stated, under the Reform Act a "sentence may be reversed on appeal only when an appellate court determines after a complete review of the record that prejudicial error occurred and was properly preserved... or, if not properly preserved, would constitute fundamental error." § 924.051(3). "Prejudicial error" is "error in the trial court that harmfully affected the judgment or sentence." § 924.051(1)(a), Fla. Stat.
The theory of requiring the entry of written reasons was to allow the written reasons to be available to the defendant in deciding to take an appeal. See Lyles, 576 So.2d at 708.[10] Here the oral reasons were pronounced on the date of sentencing. The nearly verbatim typed order was filed twenty-two days later. The notice of appeal was filed one week after that. The appeal attacks both the timeliness and substance of the departure order. This record reveals no prejudice to the defendant: the defendant filed a timely appeal, and in his appeal he challenges the departure order. The delay in the filing of the departure order must be treated as harmless error.[11]

VI.
Defendant next contends that the departure reason given by the trial court was *754 not valid. The trial court stated that the defendant's "actions created a substantial risk of death or bodily harm to many persons[,] that you discharged your gun in backyards, down residential streets and in the patios and in backyards of dwellings and also shot in the direction of other homes as well." The guidelines allow an upward departure for an offense which "created a substantial risk of death or great bodily harm to many persons or to one or more small children." § 921.0016(3)(i), Fla. Stat. (1995). Defendant contends that the trial court's departure reason is not supported by competent substantial evidence.
This argument was never presented in the trial court, and thus is not preserved for appellate review. See § 924.051(3), Fla. Stat. (Supp.1996). Assuming arguendo that the point had been preserved, it is without merit. This was a running gun battle in a residential neighborhood, when the houses were occupied and several individuals, including a child, came outside and had to be ordered back indoors. The departure reason was proper under the facts of this case. See id.; Green v. State, 545 So.2d 359, 360 (Fla. 2d DCA 1989); Moreira v. State, 500 So.2d 343, 344 (Fla. 3d DCA 1987).
Affirmed.

ON MOTION FOR REHEARING AND CERTIFICATION
COPE, J.
Defendant-appellant Jordan moves for rehearing, contending that the decision in this case is in conflict with Pierre v. State, 708 So.2d 1037 (Fla. 3d DCA 1998). In Pierre, this court reversed an upward departure sentence and remanded for sentencing within the guidelines, because the trial court did not file written reasons within seven days. See id. at 1037-38. We distinguish Pierre, because the opinion nowhere considered the effect of the Criminal Appeal Reform Act,[1] as well as recently-adopted Florida Rule of Appellate Procedure 9.140(d) and Florida Rule of Criminal Procedure 3.800(b). The Reform Act and the cited rules dictate denial of relief in this case. See also Weiss v. State, 720 So.2d 1113, 1115 (Fla. 3d DCA 1998).[2]
Defendant also argues that the opinion in the present case is in conflict with Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998). We disagree. In Mizell, the defendant had been sentenced to a fourteen-year term on count IV, a misdemeanor which carried a maximum penalty of one year. See id. at 829-30. Declining to reach the question whether, under the Reform Act, this should be treated as fundamental error, see id. at 830, the court found this to be one of the exceptional cases in which ineffectiveness of trial counsel could be considered on direct appeal. See id. The panel found that trial counsel had been ineffective for failing to raise this point in the trial court, and directed that the sentence on count IV be reduced to the one-year maximum. See id.
In the present case, by contrast, the Mizell decision does not apply. As explained in parts IV and V of the opinion in the present case, the failure to raise this issue in the trial court has prevented the development of a proper record. Further, based on the existing record, the delay in filing the departure order must be treated as harmless. See also Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998); § 924.051(1)(a), Fla. Stat. (Supp.1996).
Defendant argues, and we acknowledge, that the decision in this case is in conflict with Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998) (en banc), review granted, number 92,805, 718 So.2d 169 (Fla. July 7, 1998). As explained in part IV of the panel opinion and footnote 6, this court recognizes that a sentencing error can be treated as fundamental, while the Fifth District takes the position that no sentencing error will be recognized as fundamental. See Maddox, 708 So.2d at 619.
We decline, however, to certify direct conflict with Maddox. Resolution of that conflict *755 would not affect the outcome of this appeal. Under the Fifth District rule in Maddox, an unobjected-to sentencing error can never be fundamental error, id., and if this case were pending in the Fifth District, the judgment would be affirmed. Thus, under either district's rule, the defendant is entitled to no relief.
Under the Florida Supreme Court's procedures, when a district court of appeal certifies a decision as being in direct conflict or of great public importance, and the litigant timely files a notice to invoke Florida Supreme Court jurisdiction, the case proceeds to briefing on the merits and the decision whether to exercise discretionary review is postponed until consideration of the merits. See Fla. S.Ct. Internal Operating Procedures § IIA(2); Fla. R.App. P. 9.120. Because resolution of the Maddox conflict would not make a difference in this case, we decline to invoke the certification procedure. See State v. Oisorio, 657 So.2d 4, 5-6 (Fla. 3d DCA 1995), approved on other grounds, 676 So.2d 1363 (Fla. 1996).[3]
Motion for rehearing and certification denied.
NOTES
[1] Although the trial court in this case imposed a departure sentence, that does not moot the claim of scoresheet error. "A trial court must have the benefit of a properly prepared scoresheet before it can make a fully informed decision on whether to depart from the recommended sentence." Davis v. State, 493 So.2d 82, 83 (Fla. 1st DCA 1986). "This is because the trial court may well not wish to depart, or to depart so extensively, from a guidelines sentence which is presumably substantially lower than the one which it previously considered...." Moore v. State, 519 So.2d 22, 23 (Fla. 3d DCA 1987); see also Mackey v. State, 703 So.2d 1183, 1185 (Fla. 3d DCA 1997), review granted, No. 92,179, 719 So.2d 284 (Fla. May 19, 1998); Rubin v. State, 697 So.2d 161, 162 (Fla. 3d DCA 1997), review granted, No. 91,270, 721 So.2d 716 (Fla. Mar. 17, 1998); Smith v. State, 678 So.2d 1374, 1376 (Fla. 4th DCA 1996).
[2] This was evidently in response to the problem identified by Iacovone v. State, 639 So.2d 1108 (Fla. 2d DCA 1994), approved on other grounds, 660 So.2d 1371 (Fla.1995).
[3] On the verdict form, the jury checked three boxes indicating (1) "attempted second degree murder," (2) "on a law enforcement officer," (3) "with a firearm."
[4] The foregoing analysis accepts the parties' assumption that in order to invoke the law enforcement multiplier, there must be a jury finding that a defendant's primary offense is a violation of section 775.0823. It could be argued, however, that the section 921.0014 factual determination (that the primary offense is a violation of section 775.0823) is for the court to decide as a sentencing issue, similar to the factual determinations the court makes in assessing, for example, victim inquiry points, see § 921.004(1), Fla. Stat., or adjudicating disputes over legal status or prior record. See id.
[5] Ch. 96-248, Laws of Fla.
[6] This court, the First District, and the Fourth District have indicated that the appellate court may entertain preserved errors and fundamental errors. See Pryor, 704 So.2d at 217; Mason v. State, 710 So.2d 82, 82-83 (Fla. 1st DCA 1998); Perry, 714 So.2d 563, 23 Fla. L. Weekly at D1570; Hyden, 715 So.2d 960, 23 Fla. L. Weekly at D1343.

While avoiding the term "fundamental error," the Second District takes the position that it may correct (in addition to preserved errors) "illegal sentences and other serious, patent sentencing errors." Denson v. State, 711 So.2d 1225, 1230 (Fla. 2d DCA 1998) (footnote omitted).
The Fifth District has held that because of the availability of Rule 3.800(b) to correct sentencing errors, it will no longer recognize any sentencing error as fundamental. See Maddox v. State, 708 So.2d 617, 619 (Fla. 5th DCA), review granted, 718 So.2d 169 (Fla.1998).
[7] The court also explained that if trial counsel failed to object at sentencing, or file a Rule 3.800(b) motion, and the client suffered harm from a material sentencing error, postconviction relief would be available for ineffective assistance of counsel. See id.
[8] As pointed out in State v. Colbert, 660 So.2d 701 (Fla.1995), the time window for filing the written departure order was later enlarged by the Legislature. See id. at 702.
[9] The rationale for requiring written departure reasons is that, without them, "the decision to appeal may have to be made without the benefit of those written reasons because the time for appeal begins to run from the date the sentencing judgment is filed, not written reasons." Lyles, 576 So.2d at 708.

With the recent adoption of Rule 3.800(b), the legal landscape has changed. Since the timely filing of a Rule 3.800(b) motion tolls the time for appeal, this means that the defendant can file the motion, and take whatever time is necessary to obtain the written order, prior to having to file the notice of appeal. See also infra section V.
[10] This reasoning is flawed. In criminal cases, it is the responsibility of trial counsel to file a timely notice of appeal in order to preserve the defendant's appellate rights. See Short v. State, 596 So.2d 502, 503 (Fla. 1st DCA 1992); Thames v. State, 549 So.2d 1198, 1199 (Fla. 1st DCA 1989), see also State v. District Court of Appeal, First District, 569 So.2d 439, 441 (Fla.1990); State v. Meyer, 430 So.2d 440, 443 (Fla.1983); Viqueira v. Roth, 591 So.2d 1147, 1148-49 (Fla. 3d DCA 1992). This allows time for the record to be prepared and appellate counsel to review it, to determine if there is a viable issue for appeal. If there is not, then in appointed cases (the vast majority), appellate counsel will move to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), while in privately retained cases, the appeal can be voluntarily dismissed. The point is that the filing of a written upward departure order has no effect on a defendant's decision to file a notice of appeal.
[11] Effective for crimes committed on or after October 1, 1998, there will no longer be a requirement for upward departure reasons, see §§ 921.002(1)(g), .0027, Fla. Stat. (1997), but the seven-day rule will continue to exist for downward departure sentences. See ch. 98-204, § 9, Laws of Fla. (to be codified at § 921.00265, Fla. Stat.) The failure to file timely written reasons for a downward departure is not held against the defendant in a criminal case. See Pease v. State, 712 So.2d 374, 22 Fla. L. Weekly S624 (Fla. 1997).
[1] § 924.051, Fla. Stat. (Supp.1996).
[2] Although it does not have an impact in this case, Weiss held that the time interval for filing written departure reasons runs from the date that the sentencing judgment is filed, not the date the sentence is orally pronounced. See id. at 1114-15 & n. 2. Weiss receded, to that extent, from Pierre. See id. at 1115 n. 2.

In the present case the sentencing judgment was filed June 12 and the written departure reasons were filed June 26, which is still beyond the seven-day statutory interval.
[3] This ruling is, of course, without prejudice to defendant to petition for discretionary review under article V, section 3(b)(3) of the Florida Constitution.