PER CURIAM.
Harliss Lee Fayne, III, (Fayne) in this direct appeal, argues that his 268.2 months’ sentence for two second degree felonies, to run concurrently for a period of 148.2 months in state prison followed by a probationary period of 10 years, .is illegal. We agree and remand for resentencing.
Fayne entered a plea of nolo contendere to the charges of an attempt to commit a sexual battery upon a person less than 12 years of age by a person less than 18 years of age; and to the charge of a lewd or lascivious act in the presence of a child, under the age of 16 years. § 794.011, Fla. Stat., and § 800.04, Fla. Stat. Fayne made no objection at sentencing and no objection by post-trial motion despite that his sentencing occurred after the effective date of amendments found in section 924.051, Florida Statutes. This failure by Fayne is argued by Appellee as justification for denial of his appeal.
The authorized maximum sentence for these two second-degree felonies is 242 months. Thus, Fayne’s 268.2 months’ sentence is illegal within the meaning of Mays v. State, 717 So.2d 515 (Fla.1998). An illegal sentence can be raised in a direct appeal despite the failure to raise the issue in the sentencing proceeding, or by a post-trial motion. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996). Fayne, thus, must be re-sentenced within the authorized maximum. Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997).
We accordingly affirm Fayne’s adjudication of guilt, vacate his sentence, and remand for sentencing within the authorized maximum.
We are aware that this decision and our decision in Mason v. State, 710 So.2d 82 (Fla. 1st DCA 1998), are in conflict with our sister court’s decision in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). Accordingly, as requested by Appellee, we certify the conflict between the two districts’ decisions pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv).
REVERSING and REMANDING for resentencing.
BARFIELD, C.J., and BROWNING, J., CONCUR
LAWRENCE, J., SPECIALLY CONCURRING WITH OPINION.