COPE, J.
Joel Paredes appeals his convictions for second degree murder and attempted second degree murder, and the sentences imposed thereon. We affirm in part and reverse in part.
The claims of trial error are not well taken. There was no error in the denial of the motion to suppress defendant-appellant Paredes’ confession. Allowing the State to use as demonstrative evidence an M.P. 45 pistol was within the trial court’s discretion. The court’s rulings on the scope of redirect examination of Detective Arostegui were within discretion or if not, were harmless. The claim that there should have been a hearing under Richardson v. State, 246 So.2d 771 (Fla.1971), is not well taken, where there was no request in words or substance that such a hearing be held. The defendant has shown no legally sufficient basis on which to disturb the trial court’s rejection of the claim that the State had improperly influenced a witness not to testify. There was no abuse of discretion in the court’s allowing limited questioning of a physician regarding the medical condition of victim Heidi Cortez, who sustained permanent injuries from the gunshot wound.
The defendant contends that an investigating officer violated chapter 934, Florida Statutes (1993)[1] in this case. An investigating officer was with the defendant’s mother and attempting to locate the defendant when the defendant called his mother. The defendant was speaking loudly enough, and the telephone was evidently being held in such a way, that the officer could hear the defendant’s side of the conversation. This does not qualify as an illegal interception of a wire communication for purposes of chapter 934. See id. § 934.02(3), (4); 934.03(1). Either the mother intentionally positioned the telephone so that the officer could hear the defendant’s side of the conversation,[2] or the defendant spoke loudly enough that the officer could hear him anyway, but in either event this does not amount to an illegal wire interception. See Taylor v. State, 292 So.2d 375, 377 (Fla. 1st DCA 1974).
The trial court sentenced defendant to an upward departure sentence of forty years. Defendant timely filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b), arguing that the departure reasons were legally insufficient. The trial court denied the motion.
On this appeal the defendánt first argues that the trial court failed to file a signed, written departure order within fifteen days after sentencing. See § 921.0016(l)(e), Fla. Stat. (1993). The defendant did not include this argument within his motion under Rule 3.800(b), so it is not preserved for appellate review. See Jordan v. State, 728 So.2d 748, 752 (Fla. 3d DCA 1998), review granted, 735 So.2d 1285 (Fla.1999); Weiss v. State, 720 So.2d 1113, *169 1115 (Fla. 3d DCA 1998) review granted, 729 So.2d 396 (Fla.1999).
Assuming, however, the point had been properly preserved for appellate review, it is without merit. Defendant misunderstands the sentencing guideline forms which have been promulgated as Florida Rule of Criminal Procedure 3.990(a)-(b). See Amendments to Florida Rules of Criminal Procedure Re: Sentencing Guidelines, 628 So.2d 1084, 1084, 1093-96 (Fla.1993) (effective January 1,1994).
The trial court in this case used' Forms 3.990(a) and 3.990(b). The court checked off two of the departure reasons listed on the second page of Form 3.990(b). Form 3.990(b) is a two-page form having a signature space on the bottom of the first page, but not the second page. The judge signed the first page. Since the trial judge did not sign the second page, which contains the checklist of departure reasons, the defendant argues that'there is no properly signed departure order.
An examination of Form 3.990(b) indicates that it was intended to be a two-sided form. The front side of Form 3.990(b) is entitled “Supplemental Sentencing Guidelines Scoresheet,” and at the bottom there is a space for the judge’s signature. Just above the signature space is a block entitled “Reasons for Departure.”
On the next page of Form 3.990(b) is the checklist of statutory departure reasons. The top of the page bears the legend, “If reasons cited for departure are not listed below, please write reasons on the reverse side, in the area specified ‘Reasons for Departure.’ ” (Emphasis added).
It is quite clear that when the Florida Supreme Court adopted Form 3.990(b), the court intended that the form would be printed by two-sided copying. Rather than have the trial judge sign on both sides of the same piece of paper, the form contains a signature space on the front side of Form 3.990(b), and reproduces the checklist of statutory departure reasons on the reverse side.
In this ease the trial judge signed in the space provided, which is on the first page of Form 3.990(b). It makes no difference that in this case the court system evidently ran out of forms and made photo copies' of each side on a separate piece of paper. Where the judge has signed in the required space on the first page of Form 3.990(b), the judge has satisfied the requirement that he or she enter a signed departure order. There is no requirement that the judge sign on the page containing the checklist of departure reasons. As the form was properly signed, defendant’s argument on this issue is without merit.
The defendant also argues that it is impermissible for the trial court simply to check off one or more of the statutory departure reasons on the form. Defendant contends that the trial court must write a more détailed sentencing order. That is not so. The checklist in Form 3.990(b) displays the statutory departure reasons. As the instructions on the form clearly indicate, the trial court may rely on the checklist. The court need not draft any reasons for departure except in instances where the departure reasons are not covered by the Checklist.
We turn now to the merits of defendant’s challenge to the departure sentence. The trial court checked two reasons: (1) “Offense created substantial risk of death or great bodily harm to many persons or to one or more small children.” (2) “Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.” Defendant contends that these departure reasons are not supported by the record. We disagree.
As to the first reason, the evidence at trial and at the sentencing hearing showed that the defendant shot a .45 caliber pistol at least three times into a crowd of fifty persons in a high school parking lot during a lunch break. In so doing, the defendant misséd his intended target, killed one innocent bystander, and inflicted permanent *170 brain damage on another. This statutory departure reason was fully established by the evidence. See § 921.0016(3)(i), Fla. Stat. (1993).
With regard to the second departure reason, the State presented testimony from the parents of victim Heidi Cortez. The parents explained that Ms. Cortez was once a talented student who has been permanently brain damaged by the gunshot, has had eight operations, and will need more. She cannot correctly communicate, cannot walk by herself and cannot care for herself. Her mother has had to stop work in order to stay home and care for her child. Plainly the victim suffered extraordinary physical trauma and permanent physical injury. This statutory departure reason, too, was fully established. See § 921.0016(3)®, Fla. Stat. (1993).
We note that the offense of attempted second degree murder with a firearm is a first degree felony, which is punishable by a maximum term of thirty years imprisonment. See Myers v. State, 676 So.2d 1063 (Fla. 2d DCA 1996); Baque v. State, 653 So.2d 1105, 1106 (Fla. 3d DCA 1995); § 775.082(3)(b), Fla. Stat. (Supp.1994). Since the forty-year sentence on that count (count two) exceeds the legal maximum, we reverse the sentencing order on that count and remand with directions to reduce it to the legal maximum. Defendant need not be present.
Affirmed in part, reversed in part, and remanded for correction of sentencing error.
Before COPE, SHEVIN, and SORONDO, JJ.

. The date of the crime was January 17, 1995.

. At one point defendant warned his mother that the police should stay away from his location or he would commit suicide.