921 So.2d 32 (2006)
Joel PAREDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-500.
District Court of Appeal of Florida, Third District.
January 25, 2006.
Rehearing Denied March 9, 2006.
*33 Joel Paredes, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before FLETCHER, WELLS, and SHEPHERD, JJ.
FLETCHER, Judge.
Joel Paredes seeks to reverse an order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Paredes was convicted after a jury trial of second degree murder and attempted second degree murder for his participation in a schoolyard driveby shooting. He confessed to being the shooter while his brother drove the car. Paredes was sentenced to an upward departure sentence of forty years. His judgment and sentence were affirmed by this court upon direct appeal. Paredes v. State, 760 So.2d 167 (Fla. 3d DCA 2000). Paredes timely raised eight issues in his petition for post-conviction relief.
*34 First, Paredes claims that his trial counsel was ineffective for failing to move to strike the jury panel based on allegedly improper prosecution questioning. This claim fails to raise a viable claim of Strickland[1] ineffectiveness given the record of defense counsel's repeated objections to the state's "pre-trying" the case to the jury. [Petitioner's Appendix E]. Further, the issue was raised at trial and properly preserved for appellate review; it is improper to attempt now to fashion the issue as an ineffectiveness claim. See, e.g., Parker v. State, 611 So.2d 1224 (Fla.1992).
Next, Paredes claims that counsel was ineffective for failing to challenge for cause or use peremptory strikes against three jurors. This claim fails because Paredes does not demonstrate any prejudice in these jurors, or how their seating on the jury panel resulted in an unfair trial. Trial counsel's failure to challenge them, without more, is not evidence of ineffectiveness. See Jenkins v. State, 824 So.2d 977 (Fla. 4th DCA 2002)("[T]he Strickland requirement of actual prejudice imposes a more stringent test before a new trial can be ordered for the failure to object to a person's service on a jury.").
Paredes claims that his trial counsel failed to preserve "meritorious issues." Paredes lists seven general areas where he believes his trial counsel should have made objections, but he fails to explain how these alleged omissions prejudiced the proceedings or negatively affected the outcome of his trial. The defendant bears the burden of establishing a prima facie case based upon a legally valid claim; mere conclusory allegations are not sufficient to meet this burden. See Kennedy v. State, 547 So.2d 912 (Fla.1989).
Paredes further asserts that his trial counsel failed to proffer testimony of a defense eyewitness. However, the record shows that defense counsel requested a hearing to determine whether statements made by the state to the witness had biased the witness against the defense. After the hearing, the trial court denied the defense motion for mistrial. Trial counsel was not ineffective for failing to proffer the original testimony because the record shows that witness eventually testified on behalf of the defense, and that defense counsel extensively impeached the witness as to her former testimony and did his best to rehabilitate.
Next, Paredes claims that his counsel failed to investigate the type of gun used. However, Paredes fails to demonstrate a reasonable probability that the trial outcome would have been different had defense counsel hired his own ballistics expert to testify at trial. In addition, Paredes himself acknowledged in his sworn statement that he used an MP.45, which he knew from reading the name off of the gun's stock. No Strickland error here.
Paredes claims that he told his counsel that it was his brother who actually fired the weapon and was in a gang. However, the record shows that defense counsel did impeach the co-defendant's testimony; as well, Paredes testified about his brother's arrest problems and admitted to shooting the gun. We find no Strickland error in any of the claims raised in Paredes' motion for post-conviction relief.
Paredes' remaining claims are without merit, as the issues were or should have been raised on direct appeal and are procedurally barred.
Affirmed.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).