644 So.2d 513 (1994)
Terri Dianne BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2457.
District Court of Appeal of Florida, Fifth District.
September 2, 1994.
Rehearing Denied November 10, 1994.
*514 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Steven G. Mason, Law Offices of Steven G. Mason, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
The court sua sponte files the following connected opinion:
Bryant appeals her judgement and sentence and the denial of her motion to correct illegal sentence. We affirm.[1]
Bryant was charged by information with DUI/manslaughter,[2] a second degree felony, vehicular homicide,[3] a third degree felony, and driving with license suspended resulting in death or serious bodily injury,[4] a third degree felony. These charges arose out of an incident where Bryant, while driving a motor vehicle, struck and killed 13 year old Christopher Johnson.
Bryant entered into a "best interests" plea to vehicular homicide and driving while license suspended resulting in death. As part of the plea agreement, the DUI manslaughter charge was nolle prossed.[5] During the plea colloquy, the defendant said she believed the plea to be in her best interest and she fully understood all the rights she gave up by entering the guilty plea.
Her scoresheet totaled 97 points for a permitted range sentence up to twelve years of incarceration. On September 7, 1993, Bryant was sentenced to five years incarceration on the vehicular homicide count and a consecutive term of five years on the driving with license suspended resulting in death count.
On September 23, 1993, Bryant filed a motion to correct an allegedly illegal sentence. This motion alleged that under a double jeopardy analysis she could not be convicted of both the counts to which she pled. Bryant sought to have one of the two convictions and sentences vacated. The trial court denied the motion.
As the state correctly points out, this case is controlled by Novaton v. State, 634 So.2d 607 (Fla. 1994). There the court held that where the record reflects a bargained-for *515 plea, any double jeopardy attack on the plea-based conviction is waived. After Novaton, appellant is reduced to arguing that the plea was not truly "bargained for" since she remained in the same sentencing range. This argument lacks legal merit since no case we have found suggests that a "bargained for plea" requires the courts to weigh the wisdom or sufficiency of consideration. It also lacks a factual basis. Had appellant elected to go through the cost and rigors of trial, she risked conviction of a higher degree felony with the attendant consequences of a section 316.193 conviction. We also observe that appellant did not seek to withdraw the plea. Based on this record, there is no basis to set aside a conviction for an offense to which the appellant pleaded guilty.
AFFIRMED.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] As the lower court correctly noted, it was improper to assert this claim as a motion to correct an illegal sentence pursuant to Rule 3.800, Sanders v. State, 621 So.2d 723 (Fla. 5th DCA), rev. denied, 629 So.2d 135 (Fla. 1993), State v. Spella, 567 So.2d 1051 (Fla. 5th DCA 1990); however, as in those cases, we elect to affirm with an opinion that addresses the basis for the claim in order to save judicial labor.
[2] See § 316.193(3), Fla. Stat.
[3] See § 782.071, Fla. Stat.
[4] See § 322.34(3), Fla. Stat.
[5] As explained to Bryant by the lower court at the time of her plea:

"The State Attorney's Office has agreed in exchange for your plea of guilty to nol-pros at the time of sentencing count one, DUI manslaughter."