W. SHARP, Judge.
We affirm defendant James Powell’s judgment and sentences for grand theft of an automobile,[1] grand theft,[2] possession of a firearm by a convicted felon,[3] and two counts of grand theft of a firearm.[4] Powell pled guilty to these charges pursuant to a negotiated plea agreement. In exchange, the state agreed to dismiss charges pending against Powell in a different criminal proceeding. Both agreed Powell would receive a maximum sentence of ten years imprisonment and that he would not be sentenced as an habitual offender. The plea agreement was performed by both sides.
In this belated appeal, Powell argues that his double jeopardy rights have been violated because the criminal episode which forms the basis for his convictions in this case is the same as the one for which he pled guilty and was sentenced on a prior occasion. The state responds that Powell failed to properly preserve this double jeopardy claim. We agree.
Novaton v. State, 634 So.2d 607 (Fla.1994) is dispositive of this case. In Novaton, the Florida Supreme Court ruled that a defendant waives any double jeopardy claim that affects his conviction or sentence by entering into a negotiated plea agreement wherein the defendant agrees to each crime and sentence. As in this case, absent the negotiated plea agreement, the defendant in Novaton could have received a much more severe sentence due to the possibility of being sentenced as an habitual felony offender. Upon execution of the negotiated plea agreement, both defendants received the benefit of their bargains. Accordingly, we affirm. Accord Melvin v. State, 645 So.2d 448 (Fla.1994); Bryant v. State, 644 So.2d 513 (Fla. 5th DCA 1994), rev. denied, No. 84,920, 654 So.2d 130 (Fla. 1995). See also Zaetler v. State, 616 So.2d 461 (Fla. 3d DCA), rev. denied, 626 So.2d 210 (Fla.1993) (voluntary guilty plea plus agreement on sentence waived any double jeopardy objection as to convictions and sentences).
AFFIRMED.
THOMPSON, J., concurs.
GRIFFIN, J., concurs specially, with opinion.

. § 812.014(2)(c)4, Fla.Stat. (1991).

. § 812.014(2)(b), Fla.Stat. (1991).

. § 790.23, Fla.Stat. (1991).

. § 812.014(2)(c)3, Fla.Stat. (1991).