763 So.2d 281 (2000)
Matthew THOGODE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95665.
Supreme Court of Florida.
June 22, 2000.
James B. Gibson, Public Defender and Kenneth Witts, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Belle B. Schumann, Carmen F. Corrente, and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
PER CURIAM.
We have for review the decision in Thogode v. State, 731 So.2d 114 (Fla. 5th DCA 1999), in which the Fifth District cited as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
We recently held in Maddox v. State, 760 So.2d 89, 94-95 (Fla.2000), that certain sentencing errors will be considered "fundamental" and may be raised on direct appeal even though the error was not preserved for review.[1] We found in Maddox that the trial court's failure to file statutorily required written reasons for imposing an upward departure sentence constitutes a fundamental error that can be raised on direct appeal because the error "affects the integrity of the sentencing process concerning the critical question of the length of the sentence." Id. at 107. The *282 State does not contest Thogode's assertion that the sentence imposed was an upward departure without oral or written reasons given by the trial judge. Instead, the State argues in this case that the trial court was not required to orally announce its reasons for imposing a departure sentence or to file written reasons for imposing a departure sentence because the court was not "aware" it was departing from the guidelines. See Respondent's Answer Brief at 3. This argument, however, only reinforces our concern that the integrity of the sentencing process was undermined by the failure of the trial court to announce or file its reasons for imposing a departure sentence. In accordance with Maddox, we therefore quash the decision below and remand for proceedings consistent with our opinion in Maddox.[2]
It is so ordered.
SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ. concur.
WELLS, J., dissents with an opinion, in which HARDING, C.J., concurs.
WELLS, J., dissenting.
In this case, the district court found that it was not contended on appeal that the error was fundamental. I believe this makes this case distinguishable.
HARDING, C.J., concurs.
NOTES
[1] Our decision in Maddox was expressly limited to those appeals falling in the window period between the enactment of section 924.051(3), Florida Statutes (Supp.1996), part of the Criminal Appeal Reform Act of 1996, and the enactment of our recent procedural rules in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140 & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted (Fla. Jan. 13, 2000). This appeal falls within this window period.
[2] We decline to address the other issues raised by Thogode that are not the basis of our jurisdiction. See, e.g., Wood v. State, 750 So.2d 592, 595 n. 3 (Fla.1999); McMullen v. State, 714 So.2d 368, 373 (Fla.1998).