766 So.2d 1009 (2000)
Donna Melissa COLLINS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95869.
Supreme Court of Florida.
June 22, 2000.
Nancy A. Daniels, Public Defender and Kathleen Stover, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for Petitioner.
Robert A. Butterworth, Attorney General and James W. Rogers, Bureau Chief, Criminal Appeals, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have for review the decision in Collins v. State, 732 So.2d 1149 (Fla. 1st DCA 1999), on the basis of express and direct conflict. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We recently concluded in Maddox v. State, 760 So.2d 89 (Fla.2000), that certain sentencing errors will be considered "fundamental" and may be raised on direct appeal even though the error was not preserved for review.[1] We determined in *1010 Maddox that the failure of the trial court to file statutorily required written reasons for imposing an upward departure sentence constitutes a fundamental sentencing error that may be raised on direct appeal during the window period. See id. at 108.
Collins contends that the trial court erroneously imposed an upward departure sentence without filing written reasons as required by statute. Although Collins entered a guilty plea in return for the State's agreement to drop additional charges and recommend a guidelines sentence, no specific agreement as to the sentence was reached. The State does not contest that the trial court imposed an upward departure sentence without filing statutorily required written reasons.[2] Accordingly, we quash the district court's decision, and remand for further proceedings consistent with our opinion in Maddox.[3]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.
NOTES
[1] Our decision in Maddox was expressly limited to those appeals falling in the window period between the enactment of section 924.051(3), Florida Statutes (Supp.1996), part of the Criminal Appeal Reform Act of 1996, and the enactment of our recent procedural rules in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9,600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. This appeal falls within this window period.
[2] We stated in Maddox that we did not intend to recede from our previous cases holding that the failure to file written reasons for imposing a departure sentence pursuant to a negotiated plea agreement does not constitute reversible error. See Maddox, 760 So.2d 89, 107 (citing State v. Williams, 667 So.2d 191, 193-94 (Fla.1996)). However, because Collins did not agree to the imposition of a departure sentence in a negotiated plea, Williams is inapposite. See Hoffman v. State, 700 So.2d 765, 766-67 (Fla. 3d DCA 1997) (recognizing that sentencing guidelines are applicable to a defendant who did not agree to imposition of departure sentence in plea agreement), review denied, 717 So.2d 532 (Fla.1998).
[3] We decline to address the other issues raised by Collins that are not the basis of our jurisdiction. See, e.g., Wood v. State, 750 So.2d 592, 595 n. 3 (Fla.1999); McMullen v. State, 714 So.2d 368, 373 (Fla.1998).