PER CURIAM.
We have for review Edwards v. State, 748 So.2d 1106 (Fla. 1st DCA 2000), a decision of the First District Court of Ap *1137 peal citing as controlling authority its opinion in Collins v. State, 732 So.2d 1149 (Fla. 1st DCA 1999), quashed, 766 So.2d 1009 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
Edwards contends that the trial court failed to comply with the statutory requirement to file written reasons for imposing a departure sentence. This issue is governed by our opinion in Maddox v. State, 760 So.2d 89 (Fla.2000). In Maddox, we determined that a trial court’s failure to file statutorily required reasons for a departure sentence constitutes fundamental error that can be corrected on direct appeal for those appeals that fall within the window period. 760 So.2d at 106-108; see also Collins v. State, 766 So.2d 1009 (Fla.2000).
Moreover, Edwards claims error based on this Court’s decision in Heggs v. State, 759 So.2d 620 (Fla.2000). The State concedes error on this issue. Accordingly, we quash the district court’s affirmance of Edwards’ sentence and remand for resen-tencing in accordance with the sentencing guidelines in effect before the relevant amendments made by chapter 95-184, Laws of Florida, became effective.[1]
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., concurs in result only with an opinion.

. Edwards has standing to challenge chapter 95-184 on single-subject rule grounds. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000).