PARIENTE, J.
We have for review the per curiam opinion of Ervin v. State, 742 So.2d 863 (Fla. 5th DCA 1999), in which the Fifth District Court of Appeal cited as controlling authority its opinions in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000), and Thogode v. State, 731 So.2d 114 (Fla. 5th DCA 1999), quashed, 763 So.2d 281 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
In Thogode v. State, 763 So.2d 281 (Fla.2000), we held that the failure to file statutorily required written reasons for imposing an upward departure sentence can be raised on direct appeal during the window period because the error “affects the integrity of the sentencing process concerning the critical question of the length of the sentence.” Id. at 281 (quoting Maddox v. State, 760 So.2d 89, 107 (Fla.2000)). In contrast, in Maddox, we held that the late filing of written reasons did not constitute fundamental error. 760 So.2d at 108. We explained:
[R]ule 3.800(b) gave defendants thirty days in which to challenge a departure sentence based on invalid reasons. In our opinion, while there is a qualitative effect on the integrity of the sentencing process when the trial court fails to file any written reasons for imposing a departure sentence, this same concern is not present when the written reasons are filed late but within sufficient time for the defendant to file a motion to correct the sentence on this basis. We agree that when written reasons for imposing a departure sentence were filed late, this late filing does not constitute a fundamental sentencing error if the defendant was not hindered in his or her efforts to challenge the grounds for imposing the departure sentence on direct appeal.
Id. (citations omitted).
The trial court in this case did file its written reasons for imposing an upward departure sentence on the same day it orally pronounced the sentence. Thus, there is no fundamental error as defined in Maddox and as applied in Thogode. See also Edmondson v. State, 771 So.2d 1136, 1136 (Fla.2000); Edwards v. State, 771 So.2d 1136, 1137 (Fla.2000); Collins v. State, 766 So.2d 1009, 1009-10 (Fla.2000).
Ervin’s argument on appeal, however, was that the reasons given for the upward departure were invalid. Because no objec *994 tion was made in the trial court, this issue could only be raised on appeal if it constituted fundamental error. See generally Maddox, 760 So.2d 95. Nonetheless, in this case, we need not decide the issue of whether invalid departure reasons can ever be raised on direct appeal as fundamental error absent a contemporaneous objection,[1] because at least one of the three reasons given by the trial court constituted a valid basis for departure. See § 921.001(6), Fla. Stat. (1997) (where multiple reasons exist to support a departure from the guidelines sentence, the departure will be upheld when at least one factor justifies departure). In this case, the trial court concluded that the victim was especially vulnerable due to her age. This is a valid basis for upward departure.[2] See Capers v. State, 678 So.2d 830, 333 (Fla.1996). Accordingly, we approve the Fifth District’s decision affirming Ervin’s sentence.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS and QUINCE, JJ., concur.

. See State v. Clark, 770 So.2d 237 (Fla. 4th DCA 2000) (general objection to imposition of downward departure sentence is insufficient to challenge the validity of a downward departure sentence or the sufficiency of the evidence supporting the departure reasons). But see Casselman v. State, 761 So.2d 482, 485 (Fla. 5th DCA 2000) (where there is "no evidence to support the sentencing departure reasons, the failure to object does not preclude the issue on appeal, because it is fundamental error.”).

. See § 921.0016(3)0, Fla. Stat. (1997) ("The victim was especially vulnerable due to age or physical or mental disability.”).