777 So.2d 449 (2001)
Lanora MALONE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3585.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
*450 Russell E. Crawford, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
The appellant, Lanora Malone, appeals her judgment and sentence imposed after a jury trial alleging that she received an illegal sentence when the trial court sentenced her as a habitual felony offender to thirty years for burglary and ten years for grand theft. She raises other issues in these proceedings, but we find they are without merit and do not warrant discussion.
A trial court may sentence a defendant as a habitual felony offender if it finds, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and the felony for which the defendant is currently being sentenced occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense, whichever is later. See § 775.084(1)(a), Fla.Stat. (1997); see also Smith v. State, 742 So.2d 352 (Fla. 5th DCA 1999). In order to qualify as a predicate offense, both the commission and sentencing for the offense must have occurred prior to the commission of the offense for which the defendant is currently being sentenced. See § 775.084(5), Fla. Stat. (1997); Smith.
In the instant case, although two of the three predicate convictions used to habitualize Malone preceded the conviction date of Malone's current offense, the commission of these two predicate offenses occurred after the commission date of the instant offense. Malone, however, did not object to this error at the time of sentencing. Therefore, although we agree that the trial court erroneously sentenced Malone as a habitual felony offender, we will not reverse the sentence in these proceedings based on the holding in Maddox v. State, 760 So.2d 89 (Fla.2000).
In Maddox, the court held that appellate courts may correct "certain categories of sentencing errors for criminal defendants whose appellate briefs were filed during the window period after the enactment of the Act but before the adoption of our recent procedural changes in Amendments II." Maddox, 760 So.2d at 99. The court held that "improper habitualization" is an unpreserved sentencing error that should be corrected on appeal during this window period. See Maddox, 760 So.2d at 101-03. The effective date of the Criminal Appeal Reform Act of 1996 was July 1, 1996. See Ch. 96-248, § 9, at 957, Laws of Fla. The date that the opinion in Amendments II was issued on rehearing is January 13, 2000. See Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.2000) (Amendments II). Although Malone's notice of appeal, filed December 10, 1999, was within the window period, *451 her initial appellate brief was filed on March 28, 2000, which is outside the window period. Thus Malone will have to pursue post conviction remedies and request relief from the trial court.
AFFIRMED.
SHARP, W., J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
Based on the supreme court's subsequent descriptions of the holding in Maddox, I concur. Edwards v. State, 771 So.2d 1136 (Fla.2000); Collins v. State, 766 So.2d 1009, n. 1 (Fla.2000).