791 So.2d 1087 (2001)
Patrick MATCHETT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-1082.
Supreme Court of Florida.
July 12, 2001.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Michael J. Neimand and Roberta G. Mandel, Assistant Attorneys General, Miami, FL, for Respondent.
*1088 PARIENTE, J.
We have for review Matchett v. State, 755 So.2d 778, 779 (Fla. 3d DCA 2000), a decision of the Third District Court of Appeal that held that Matchett's claim regarding the trial court's failure to file a written order setting forth the basis for an upward departure as to Matchett's sentence of armed robbery was not preserved, citing to its prior decision in Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998), approved, 761 So.2d 318 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
In Maddox v. State, 760 So.2d 89, 108 (Fla.2000), we specifically distinguished between the late filing of reasons for an upward departure sentence and the failure to file written reasons. We determined in Maddox that a trial court's failure to file written reasons justifying the imposition of a departure sentence constituted fundamental error that could be corrected on direct appeal for those appeals that fell within the window period. 760 So.2d at 106-08. Because Weiss involved only the late filing of reasons for a departure sentence, see Weiss, 720 So.2d at 1114, we affirmed the Third District's opinion holding the error harmless. See Weiss, 761 So.2d at 318.
In this case, the trial court failed to file written reasons for departure at all, rather than failed to timely file reasons for the departure sentence, as in Weiss. The State contends, however, that because Matchett's sentence was the result of a negotiated plea, the need to file written reasons for the departure sentence was obviated. Although a negotiated plea can form the basis for an upward departure sentence, see Maddox, 760 So.2d at 107, the plea agreement in this case did not encompass the armed robbery count. Therefore, pursuant to Maddox, 760 So.2d at 108, the trial court's failure to file written reasons for the departure sentence on the armed robbery constitutes fundamental error. Accord Edwards v. State, 771 So.2d 1136, 1137 (Fla.2000); Collins v. State, 766 So.2d 1009, 1010 (Fla.2000); Thogode v. State, 763 So.2d 281, 282 (Fla. 2000). Accordingly, we quash the Third District's decision and remand for further proceedings consistent with the Court's opinion in Maddox.
It is so ordered.
SHAW, HARDING, ANSTEAD, LEWIS, and QUINCE, JJ., concur.
WELLS, C.J., dissents.