793 So.2d 906 (2001)
Charles L. BRYANT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-933.
Supreme Court of Florida.
August 23, 2001.
*907 Bennett H. Brummer, Public Defender, and Rosa C. Figarola and Valerie Jonas, Assistant Public Defenders, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Chief, Criminal Law, and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, FL, for Respondent.
PER CURIAM.
We have for review Bryant v. State, 752 So.2d 725 (Fla. 3d DCA 2000), a per curiam decision of the Third District Court of Appeal citing as controlling authority its prior opinions in Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998), approved, 761 So.2d 318 (Fla.2000); and Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1998), approved, 761 So.2d 320 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
The issue in this case involves the trial court's failure to comply with the statutory requirement to file written reasons for imposing an upward departure sentence. In Maddox v. State, 760 So.2d 89, 106-08 (Fla.2000), we determined that a trial court's failure to file written reasons justifying the imposition of a departure sentence constituted fundamental error that could be corrected on direct appeal for those appeals that fell within the window period.[1]See also Edmondson v. State, 771 So.2d 1136, 1136 (Fla.2000). Accordingly, we quash the decision below and remand for further proceedings consistent with this opinion.[2]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] As this Court noted in Collins v. State, 766 So.2d 1009, 1009 n. 1 (Fla.2000): "Our decision in Maddox was expressly limited to those appeals falling in the window period between the enactment of section 924.051(3), Florida Statutes (Supp.1996), part of the Criminal Appeals Reform Act of 1996, and the enactment of our recent procedural rules in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025." Bryant's appeal, filed December 29, 1998, falls within this window period.
[2] We decline to address the other issue raised by Bryant that is not the basis of our jurisdiction. See Collins, 766 So.2d at 1010 n. 3 (citing Wood v. State, 750 So.2d 592, 595 n. 3 (Fla.1999)); Thogode v. State, 763 So.2d 281, 282 n. 2 (Fla.2000).