797 So.2d 605 (2001)
Hillary Daniel GERI, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4136.
District Court of Appeal of Florida, First District.
September 19, 2001.
Rehearing Denied October 22, 2001.
*606 Nancy Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, and Hillary Daniel Geri, pro se, for appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant challenges his sentencing after revocation of probation arguing that it is illegal. We affirm.
On March 30, 1998, appellant was sentenced as a youthful offender with a recommendation for placement in boot camp. After appellant completed the boot camp portion of his sentence, his sentences were modified on November 9, 1999, and he was placed on probation pursuant to section 958.045(5)(c), Florida Statutes (1998). Appellant violated his probation and on September 20, 2000, he was sentenced to concurrent terms of 10 years in prison. Appellant argues that his sentence after revocation of probation was illegal because the trial court could only sentence him to 364 days, which is the upper limit set forth in section 958.045(5)(c). In Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000), the court held that the plain language of the youthful offender statute provided that upon violating probation imposed after successful completion of boot camp, a youth may only receive up to 364 days in a specified facility as a penalty.
Sentencing errors occurring after the effective date of the amendments to Florida Rule of Criminal Procedure 3.800(b), even fundamental ones, are barred if not raised at trial or in posttrial proceedings pursuant to rule 3.800. Maddox v. State, 760 So.2d 89 (Fla.2000); Harvey v. State, 786 So.2d 595 (Fla. 1st DCA 2001), reh'g denied and questions certified, 786 So.2d 28 (Fla. 1st DCA 2001). Appellant's appointed counsel filed his initial brief after the effective date of the amendments to rule 3.800(b), consequently his claims of sentencing error, even any claims of fundamental error, are not preserved for appellate review and appellant is precluded from raising this issue for the first *607 time on appeal. See Maddox; Malone v. State, 777 So.2d 449 (Fla. 5th DCA 2001).
Accordingly, we affirm appellant's sentence without prejudice to his right to seek appropriate postconviction relief. Stinson v. State, 785 So.2d 759 (Fla. 1st DCA 2001); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000).
AFFIRMED.
ALLEN, C.J., ERVIN and BOOTH, JJ., concur.