827 So.2d 1052 (2002)
Debra LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2494.
District Court of Appeal of Florida, Fifth District.
October 11, 2002.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Debra Lewis appeals the judgment and sentence imposed following the denial of her motion to suppress and her subsequent no contest plea to possession of cannabis with intent to sell or deliver and trafficking in cannabis. She argues 1) that the possession charge should be dismissed because the dual convictions violate double jeopardy; and 2) that the sentence imposed was illegal because Chapter 99-188 is unconstitutional as it violates the single subject rule.[1] We affirm.
It is not necessary for us to decide whether Lewis's convictions violate double jeopardy because the record indicates that Lewis entered into a bargained-for plea agreement which thereby waived her right to make a double jeopardy challenge to the convictions and sentence on appeal. Melvin v. State, 645 So.2d 448 (Fla.1994); Novaton v. State, 634 So.2d 607 (Fla.1994) (holding that a bargained-for plea waives the right to attack multiple convictions on double jeopardy grounds); Blair v. State, 805 So.2d 873, 878 (Fla. 2d DCA 2001) ("Where a guilty plea is bargained for, double jeopardy claims as to the conviction and sentence are waived.") (citations omitted); Colson v. State, 717 So.2d 554 (Fla. 4th DCA 1998); Johnson v. State, 676 *1053 So.2d 1017 (Fla. 5th DCA 1996); Powell v. State, 657 So.2d 37 (Fla. 5th DCA 1995); Bryant v. State, 644 So.2d 513 (Fla. 5th DCA 1994), review denied, 654 So.2d 130 (Fla.1995). Even if the plea agreement was not bargained for, Lewis is precluded from challenging her convictions based on a double jeopardy violation because she did not reserve the right to appeal. Watson v. State, 702 So.2d 584 (Fla. 2d DCA 1997); Rodriguez v. State, 622 So.2d 1084 (Fla. 4th DCA 1993); Ford v. State, 556 So.2d 483 (Fla. 2d DCA 1990); Wells v. State, 390 So.2d 808 (Fla. 5th DCA 1980). We therefore affirm her convictions.
As to the second issue, a sentencing error that occurs after the effective date of the amendments to Florida Rule of Criminal Procedure 3.800(b), even a fundamental error, is barred from appellate review if it is not raised at trial or in posttrial proceedings pursuant to rule 3.800. Maddox v. State, 760 So.2d 89 (Fla.2000); Geri v. State, 797 So.2d 605 (Fla. 1st DCA 2001); Harvey v. State, 786 So.2d 595 (Fla. 1st DCA 2001), review granted, 797 So.2d 585 (Fla.2001); Capre v. State, 773 So.2d 92 (Fla. 5th DCA 2000). Lewis's initial brief was filed after the effective date of the amendments to rule 3.800(b), consequently her claim of sentencing error, even if fundamental, is not preserved for appellate review and Lewis is precluded from raising this issue for the first time on appeal. See Maddox; Malone v. State, 777 So.2d 449 (Fla. 5th DCA 2001); see also Garrett v. State, 788 So.2d 328 (Fla. 4th DCA 2001). Accordingly, we affirm Lewis's sentence without prejudice to her right to seek appropriate post-conviction relief. Washington v. State, 814 So.2d 1187 (Fla. 5th DCA 2002); Stinson v. State, 785 So.2d 759 (Fla. 1st DCA 2001); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000).
AFFIRMED.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] See Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). Lewis received a three-year mandatory sentence on the trafficking charge pursuant to section 893.135(1), Florida Statutes (1999), which was amended by Chapter 99-188. The court in Taylor held Chapter 99-188 unconstitutional because it violated the single subject rule.