EVANDER, J.
 

 Reigelsperger contends that his convictions for grand theft
 
 [1]
 
 and dealing in stolen property
 
 [2]
 
 violate double jeopardy and constitute fundamental error. We affirm, concluding that Reigelsperger entered into a bargained plea agreement with the State and thereby waived his double jeopardy claim.
 

 Reigelsperger was charged in a two-count information with grand theft and dealing in stolen property. Both offenses were alleged to have occurred on the same date. Reigelsperger’s plea agreement
 
 *877
 
 called for him to enter no contest pleas to both charges and receive a composite sentence of fifteen months imprisonment. However, prior to the court’s acceptance of the plea, Reigelsperger requested a brief furlough to get his affairs in order prior to commencing his incarcerative sentence. The trial court agreed to accept the negotiated plea, defer sentencing, and release Reigelsperger pending sentencing — provided that Reigelsperger understood that if he failed to timely appear for sentencing or committed a new law violation during his release, he could be sentenced to up to twenty years imprisonment. Reigelsper-ger accepted these conditions as part of his plea agreement, entered a no contest plea to both charges, and was released pending sentencing. Reigelsperger failed to appear for his scheduled sentencing hearing because, by his own admission, he was “stuck in a crack house.”
 
 [3]
 
 The court sentenced Reigelsperger to five years incarceration on the grand theft charge to be followed by fifteen years incarceration on the dealing in stolen property offense. Reigelsperger’s subsequent motion to withdraw plea was denied.
 

 On appeal, Reigelsperger relies on
 
 Hall v. State,
 
 826 So.2d 268, 271 (Fla.2002), for the proposition that conviction of both grand theft and dealing in stolen property violates double jeopardy if both charges flow from one scheme or course of conduct. However, as the State correctly argues, this case is controlled by
 
 Novaton v. State,
 
 634 So.2d 607 (Fla.1994). There, the court held that where the record reflects a bargained-for plea, any double jeopardy attack on the plea-based conviction is waived. The fact that Reigelsperger lost the benefit of the low sentence that he bargained for by failing to timely appear for sentencing does not alter the fact that Reigelsperger entered into a negotiated plea agreement by which he was given the opportunity to significantly decrease his potential maximum sentence.
 
 Novaton
 
 does not suggest that a negotiated plea requires courts to weigh the wisdom or sufficiency of the consideration given by the respective parties to the plea agreement.
 
 Bryant v. State,
 
 644 So.2d 513 (Fla. 5th DCA1994).
 

 AFFIRMED.
 

 PALMER, C.J. and SAWAYA, J, concur.
 

 [1]
 

 . § 812.014(1) and (2)(c), Fla. Stat. (2007).
 

 [2]
 

 . § 812.019(1), Fla. Stat. (2007).
 

 [3]
 

 . As a result of his failure to appear, Reigel-sperger's sentencing hearing was delayed more than five months.